IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD TODD<br>8772 Eastbrook Circle<br>Chagrin Falls, OH 44023 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| CORE MANAGEMENT SERVICES, LLC<br>111 Grant Avenue<br>Endicott, NY 13760 | )<br>)<br>)<br>) | **(Jury Demand Endorsed Hereon)** |
| And | )<br>) | |
| ANTHONY MAIONE<br>111 Grant Avenue<br>Endicott, NY 13760 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Ronald Todd, by and through undersigned counsel, as his Complaint against Defendants states and avers the following:

## PARTIES & VENUE

1. Todd is a resident of the city of Chagrin Falls, Cuyahoga County, State of Ohio.

2. Core Management Services, LLC ("Core") is a foreign limited liability company with its principal place of business in the city of Endicott, State of New York.

3. At all times relevant, Core employed Todd while he resided in Cuyahoga County, State of Ohio.

4. Maione, upon information and belief is a resident of the State of New York.

5. Maione is and, at all times hereinafter mentioned, was an individual who was the Owner or President of Core, and who acted directly or indirectly in the interest of Core in relation to its



employees, and is an employer within the meaning of section 3(d) of the Fair Labor Standards Act as well as R.C. § 4112.01(A)(2).

6. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Todd is alleging a federal law claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claim under 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business with respect to Todd's employment.

## FACTS

8. Todd is a former employee of Core.

9. Core hired Todd on February 12, 2007.

10. Core hired Todd to be a senior consultant for the company.

11. On February 12, 2007, Todd signed an employment agreement with Core ("Agreement").

12. A true, accurate, and complete copy of the Agreement is attached hereto as Exhibit 1.

13. Todd's primary job responsibilities included traveling to the site of a customer who had previously contracted with Core.

14. Once at the site, Todd's primary duties were to complete inspections, review blue prints and generally act as a consultant for the client at the discretion of Core.

15. It was not Todd's job responsibility to sell Core's services or products, if any, nor did he ever perform any sales duties during his employment.

16. It was not Todd's job responsibility to enter into new contracts with prospective customers of Core.



The Employee's Attorney.™

17. It was not Todd's job responsibility to bring in or acquire new business for Core.

18. Todd's job responsibilities solely pertained to contracts that had already been established between Core and the customer.

19. Todd primary job responsibilities focused on performing manual tasks while at the customer's site.

20. During the entirety of his employment with Core, Todd never received a negative or even average performance review.

21. During the entirety of his employment with Core, Todd never received a disciplinary write-up, letter or reprimand.

22. During the entirety of his employment with Core, Todd was a valued employee who performed his job without complaint from Core or any customer.

23. Beginning in or around June, 2014, it became apparent that Core was looking to employ younger individuals at the company.

24. In or around June, 2014, Core hired a new senior consultant named Chris Lerario.

25. Lerario is significantly younger than Todd, who at the time was 61 years old.

26. Lerario was hired to handle the same job position and job responsibilities as Todd.

27. In or around July, 2014, Core removed Todd from an account with a long-standing customer and replaced him with Lerario.

28. The customer complained to Core that Todd had been removed from their account.

29. During this same period, Maione promoted his son, Vince to full time duties in the senior consultant role, handling the same job duties as Todd.

30. Vince Maione is about 25 years old.

31. Between June, 2014 and January, 2015, Todd received no complaints from any customers about his performance of handling of their accounts with Core.



32. During this same period, Core received no complaints regarding Todd except for those complaints about why he had been removed from the account.

33. On or around January 16, 2015, Maione called Todd by phone.

34. During this phone call, Maione terminated Todd's employment.

35. Todd was 62 years old when Core terminated his employment.

36. As a basis, Maione told Todd that there were "too many people" at the company.

37. At the time, Core had about 8-10 employees.

38. As an additional basis, Maione told Todd that "there was not enough work" for Todd.

39. At the time of Todd's termination, Core had not lost any of Todd's customers or accounts.

40. After terminating Todd, Core did not lose any of the "work" or accounts previously handled by Todd.

41. After terminating Todd, Core replaced him with Lerario and Vince Maione on all of his accounts and customers.

42. About a month prior to terminating Todd's employment, Maione sent a group email to Todd and other employees declaring 2014 as one of the "most profitable" years in the company's history.

43. Todd was terminated based on his age.

44. Core terminated Todd so it could hire and/or retain significantly younger employees to replace Todd.

45. Pursuant to the Agreement, Core was to pay Todd an annual salary of $72,000.

46. The Agreement is silent as to whether Core considered Todd an exempt or nonexempt employee.

47. Todd is a nonexempt employee under Ohio and federal law.

48. At no time during Todd's employment did Core pay him overtime compensation.



49. Throughout his employment, Todd worked over 40 hours per week.

50. Core required Todd and other employees to keep timesheets tracking the number of hours worked.

51. Todd kept track of his time on his timesheets during his employment.

52. Todd's timesheets reflect that he worked over 40 hours per week during several weeks of his employment.

53. Core had knowledge that Todd worked over 40 hours per week.

54. Core viewed Todd's timesheets throughout his employment.

55. Core altered Todd's salaried-employee status by deducting Todd's pay when he was absent from work.

56. In or around the first week of January, 2015, Todd took a week off of work for personal reasons.

57. During that week, Core did not pay Todd any compensation.

58. By not paying Todd his usual salary payment during that week, Core effectively altered Todd's status as a salaried employee.

59. Todd was entitled to overtime compensation for any hours worked over 40 each week during his employment.

**COUNT I: WRONGFUL TERMINATION BASED ON AGE DISCRIMINATION**

60. Todd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. As of January 16, 2015, Todd was fully qualified for his position and employment with Defendants.

62. Todd, at age 62, was a member of a statutorily-protected class under R.C. §4112.01 *et seq.* at the time he was terminated from his employment with Defendants.



63. Defendants treated Todd differently from other similarly situated employees based on his age.

64. Defendants violated R.C. §4112.02 and § 4112.99 by discriminating against Todd based on his age.

65. After terminating Todd, Defendants replaced Todd with a person not belonging to the protected class under R.C. §4112.01 *et seq*.

66. In the alternative, by terminating Todd, Defendants retained a person not belonging to the protected class under R.C. §4112.01 *et seq*.

67. As a direct and proximate cause of Defendants' conduct, Todd suffered and will continue to suffer damages.

## COUNT II: FAILURE TO PAY OVERTIME COMPENSATION

68. Todd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. Todd worked over 40 hours per week during his employment with Defendants.

70. Defendants did not pay Todd overtime wages for hours worked over 40 per week.

71. Defendants violated the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act by not paying Todd overtime compensation.

72. Pursuant to R.C. § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

73. Todd was a non-exempt employee for purposes of R.C. § 4111.03(A) and 29 U.S.C. § 207.

74. As a direct and proximate cause of Defendants' failure to pay Todd his lawfully earned overtime wages, Todd suffered damages.

75. As a direct and proximate cause of Defendants' failure to pay Todd his lawfully earned overtime wages, pursuant to R.C. § 4111.10(A), Defendants are liable to Todd for the full



amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

76. As a direct and proximate cause of Defendants' failure to pay Todd his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Todd for the full amount of the overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Todd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Defendants intended to cause Todd emotional distress, or knew that their acts or omissions would result in serious emotional distress to Todd.

79. Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

80. As a direct and proximate cause of Defendants' acts and omissions as set forth above, Todd has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

81. As a direct and proximate cause of Defendants' conduct and the resulting emotional distress, Todd suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Todd demands from Defendants the following:

(a) Issue a permanent injunction:

    (i) Requiring Core to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

The Employee's Attorney.™ 

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Core to restore Todd to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Todd for unpaid overtime compensation, unpaid wages, back pay, front pay, emotional distress, and other consequential and/or liquidated damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Todd's claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.



Respectfully submitted,

*/s/ Fred Bean*

Brian D. Spitz (0068816)
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
4620 Richmond Road, Suite 290
Warrensville Heights, OH 44128
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Brian.Spitz@SpitzLawFirm.com
            Fred.Bean@SpitzLawFirm.com

*Attorneys For Plaintiff Ronald Todd*

## JURY DEMAND

Plaintiff Ronald Todd demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred Bean*

Brian D. Spitz (0068816)
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

9